IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory C. Krug, | ) | C/A No.: 1:13-3074-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This a civil action filed by a federal prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2)(d) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

      By order issued on December 11, 2013, the court allowed Plaintiff an opportunity to provide the documents necessary to bring this case into proper form for initial review. [Entry #9]. As discussed in a separately docketed Report and Recommendation, Plaintiff did not fully comply with the order.

## PAYMENT OF THE FILING FEE:

      By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. *See* 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. *See* 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. *See* 28 U.S.C. § 1915(a), (b). As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.** *See Torres v. O'Quinn*, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1), (2). A review of the Financial Certificate indicates that Plaintiff has $17.06 available for an initial installment of the filing fee. [Entry #2-2 at 3]. However, no payment has yet been received by the court; therefore, the amount due from Plaintiff is currently $350.[1]

Plaintiff's Motion for Leave to Proceed *in forma pauperis* is granted. [Entry #2].

**TO THE CLERK OF COURT**:

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summons or forward this matter to the United States Marshal for service of process at this time.

IT IS SO ORDERED.

*Shiva V. Hodges*

February 3, 2014                                            Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

---

[1] Plaintiff's Motion also reflects $13,212 in a checking or savings account, resulting from Social Security payments during 2013. [Entry #2-2 at 2]. However, Plaintiff indicates that this entire amount "is owed to an attorney." *Id.* Further, the Financial Certificate does not reflect that these funds are available to Plaintiff in prison. *Id* at 3.

2