IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory C. Krug, ) | C/A No.: 1:13-3074-DCN-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Gregory C. Krug, proceeding pro se and in forma pauperis, brings this action alleging improper placement in the Special Housing Unit ("SHU") of the Federal Correctional Institution in Williamsburg, South Carolina,[1] during May 2012. [Entry #1 at 1–2]. Plaintiff names the United States of America as the sole defendant. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that the Bureau of Prisons ("BOP") placed him in SHU confinement between May 16, 2012, and June 15, 2012, for no valid reason. [Entry #1 at 1–2]. Plaintiff states that "[w]hile dozens of decisions have held that the placement of an

---

[1] Plaintiff is currently incarcerated at the Metropolitan Detention Center in Los Angeles, California.

inmate into a BOP SHU does not constitute 'cruel and unusual punishment,' it should be obvious that a transfer of an inmate from general population into a SHU does constitute punishment . . . and it therefore follows that unless there is a bona fide reason for the BOP's decision to place Krug into that SHU, it should compensate him for the pain and suffering which it thereby caused him to endure." *Id.* at 3. Plaintiff further indicates that he "was unofficially informed" that his SHU placement was in retaliation for having provided information to the Warden about an officer destroying library books. *Id.* at 7. Plaintiff attached documents to the complaint reflecting that the Department of Justice denied a Federal Tort Claims Act ("FTCA") claim regarding this matter. *Id.* at 5–6, 8–9.

As Plaintiff sought monetary damages for a violation of his right to be free from cruel and unusual punishment under the Eighth Amendment, the Clerk of Court docketed this case as a civil rights action. On December 11, 2013, the court issued an order directing Plaintiff to answer special interrogatories to clarify the federal statutes or constitutional provisions under which he seeks relief. [Entry #9; Entry #9-1]. The order further directed Plaintiff to bring this case into proper form by (1) submitting the service documents necessary to advance this case; and (2) either pay the filing fee for this action or provide the financial documents necessary to proceed in forma pauperis. [Entry #9 at 1–2]. The order warned Plaintiff that failure to do so within a specified time frame would subject the case to dismissal under Fed. R. Civ. P. 41. *Id.* at 1.

Plaintiff responded to the order by submitting the requested financial documents and summonses. [Entry #2-2; Entry #13]. However Plaintiff did not submit the Forms USM-285 required to advance this case. Plaintiff also failed to answer the special

interrogatories. [Entry #12]. Instead, Plaintiff stated "the court should compel the Defendant to provide Krug with the details of [the] purported investigation" giving rise to his placement in SHU. [Entry #12-1 at 1]. Plaintiff further alleged "[i]f there is no investigation which required Krug being placed into that SHU, it would <u>then</u> become necessary for Krug to convince the Court that the BOP's placement of his person into the SHU without having any bona fide reason to do so violated either a 'federal statute [or a] constitutional provision.'" *Id.* at 1–2 (emphasis in original).

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Failure to bring this case into proper form

As an initial matter, Plaintiff failed to fully comply with an order of this court. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). As well as inherent authority, this court may dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. Plaintiff failed to provide all of the service documents necessary to advance this case. Therefore, the case is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which allows for dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."

4

2.	Sovereign Immunity

Even if Plaintiff had brought his case into proper form as directed, his complaint would still be subject to summary dismissal based on sovereign immunity. Plaintiff alleges that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by placing him in the SHU.[2] As such, his claims are evaluated under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *Bivens*, 403 U.S. at 397; *see also Carlson v. Green*, 446 U.S. 14, 18 (1980); *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006).[3] To state a claim under *Bivens*, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994) (declining to extend *Bivens* to permit suit against a federal agency); *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir. 1998) (federal governmental entity entitled to sovereign immunity unless Congress waives that

---

[2] Because Plaintiff has only indicated the intent to redress an alleged deprivation of his constitutional rights, the pleading has not been construed as a suit under the FTCA.

[3] A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 n.30 (1982).

5

immunity and consents to suit).  "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts."  *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999); *see also Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) ("*Bivens* did not abolish the doctrine of sovereign immunity of the United States.  Any remedy under *Bivens* is against federal officials individually, not the federal government.").  As Defendant is immune from Plaintiff's constitutional claims, this case is subject to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 3, 2014                                                    Shiva V. Hodges
Columbia, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).